E-FILED
Thursday, 26 February, 2026  04:02:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MICHAEL ESTOCK | ) | |
| | ) | Case No. 2:26-cv-2060 |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | Magistrate Judge |
| POLICE OFFICER RAY SOLLARS; | ) | |
| POLICE CHIEF TOM DOLAN; and | ) | |
| CITY OF CHRISMAN, | ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

COMPLAINT AT LAW

NOW COMES Plaintiff, Michael Estock, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Ray Sollars (Badge No. 133); Police Chief Tom Dolan (No. 130); and City of Chrisman, states as follows:

JURISDICTION AND VENUE

1.      This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2.      This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

1

## PARTIES

4.      Plaintiff, Michael Estock ("Estock"), is a resident of the City of Paris, County of Edgar, State of Illinois.

5.      At all relevant times herein referenced, Defendant Police Officer Ray Sollars, Badge No. 133 ("Officer Sollars"), was employed by the City of Chrisman as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Sollars was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant Police Chief Tom Dolan, No. 133 ("Chief Dolan"), was employed by the City of Chrisman as a sworn police officer and as the chief executive of the Chrisman Police Department.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Chief Dolan was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant, City of Chrisman, is a governmental entity formed pursuant to the laws of the State of Illinois. Officer Sollars and Chief Dolan ("Defendant Officers") were employed by the City of Chrisman as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for the City of Chrisman and under color of law.

## ALLEGATIONS

8.      On May 6, 2024, Mr. Estock was walking at or near 203 S. Ohio, Chrisman, Illinois.

9.      Officer Sollars used his Taser weapon and shot one or more barbed darts into Mr. Estock's skin and conducted high-voltage electric current into Plaintiff's person.

10.    Officer Sollars' use of his Taser weapon was unreasonable as he did not order Mr. Estock to stop walking prior to shooting him, and Officer Sollars did not warn Mr. Estock that he would shoot him if Mr. Estock did not stop walking.

11.    The dart(s) caused Mr. Estock to fall to the ground with great force.

12.    Officer Sollars has been harassing and threatening Mr. Estock for a long time, both prior to and after the May 6, 2024 incident.  In February 2025, Officer Sollars attempted to ram his police vehicle into Mr. Estock on three separate occasions and dates.

13.    As a direct result of the Defendants Officers' conduct, Plaintiff suffered physical injuries, emotional injuries, pain and suffering, constitutional violations, loss of liberty, economic losses, attorney's fees and other losses and expenses.

<div align="center">

COUNT I
SECTION 1983 EXCESSIVE FORCE
AGAINST OFFICER SOLLARS

</div>

14.    The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 13.

15.    The force used by Officer Sollars against Plaintiff constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

16.    The force used by Officer Sollars against the Plaintiff was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

WHEREFORE, the Plaintiff, Michael Estock, prays for judgement against Police Officer Ray Sollars (Badge No. 133) for compensatory damages, punitive damages, the costs of this

action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. §1983 EQUAL PROTECTION CLASS OF ONE
### AGAINST OFFICER SOLLARS

17.    The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 13.

18.    Mr. Estock was the victim of discrimination intentionally visited on him by Officer Sollars, who knew or should have known that he had no justification, based on his public duties, for singling out Plaintiff for unfavorable treatment by shooting Mr. Estock.

19.    Officer Sollars acted for personal reasons, with discriminatory intent and effect.

20.    The actions of Officer Sollars violated Plaintiff's rights protected by the Fourteenth Amendment and 42 U.S.C. §1983.

21.    The actions of Officer Sollars violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

22.    WHEREFORE, the Plaintiff, Michael Estock, prays for judgement against Police Officer Ray Sollars (Badge No. 133) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
### 42 U.S.C. §1983 SUPERVISORY LIABILITY
### AGAINST CHIEF DOLAN

23.    The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1

4

through 13.

24.     Officer Sollars used excessive force on Mr. Estock.

25.     Chief Dolan knew that Officer Sollars had a practice of using excessive force on civilians prior to and subsequent to the May 6, 2024 incident.

26.     Chief Dolan purposely ignored Officer Sollars' use of force against civilians, including against Mr. Estock.

27.     As a result, Mr. Estock was injured.

28.     The actions of Officer Sollars violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Michael Estock, prays for judgement against Police Chief Tom Dolan (Badge No. 130) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

<div align="center">

COUNT IV
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHRISMAN

</div>

29.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 28.

30.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31.     At all times relevant to this incident, Officer Sollars and Chief Dolan were employees of the City of Chrisman, and they acted within the scope of their employment in

<div align="center">5</div>

committing the misconduct described herein.

WHEREFORE, the Plaintiff, Michael Estock, prays that should this Court enter judgment in his favor and against Police Officer Ray Sollars and/or Police Chief Tom Dolan, the City of Chrisman will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

<div align="center">JURY DEMAND</div>

Plaintiff prays for trial by jury.

<div style="margin-left: 50%;">
Respectfully submitted,

MICHAEL ESTOCK


/s/ David S. Lipschultz
David S. Lipschultz
</div>

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com

<div align="center">6</div>